IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISON)

| | | |
|---|---|---|
| JORDAN ARMSTRONG<br>1333 Andre Street<br>Baltimore, MD 21230 | *<br><br>* | |
| Plaintiff, | * | |
| | * | CIVIL ACTION |
| v. | * | NO. |
| MIDEAST SHIP MANAGEMENT, LTD.,<br>Floor No. 37-Armada 2<br>Jumeirah Lake Towers<br>P.O. Box 32890<br>DUBAI, UAE | *<br><br>*<br><br>* | |
| AND | * | |
| NATIONAL SHIPPING COMPANY OF<br>SAUDI ARABIA, *in personam*,<br>401 East Pratt Street, 26th Floor<br>Baltimore, MD 21202 | *<br><br>*<br><br>* | |
| AND | * | |
| *M/V SAUDI TABUK*, her engines,<br>freights, tackle, appurtenances, and apparel, *in rem*, | *<br><br>* | |
| Defendants. | | |
| * * * * * * * * * * * * * | | |

**SEAMAN'S *IN REM* AND *IN PERSONAM* VERIFIED COMPLAINT WITHOUT
PREPAYMENT OF COSTS PURSUANT TO 28 U.S.C.S. § 1916
AND REQUEST FOR TRIAL BY JURY**

Plaintiff, by and through his undersigned attorneys, sues Defendants and alleges:

  1.  Plaintiff is a citizen of Maryland.

  2.  This matter is being brought under the admiralty and maritime jurisdiction

of the court pursuant to 28 U.S.C. § 1333. This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure Rule 9(h) and is also brought pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Furthermore, this matter is filed pursuant to 28 U.S.C §1916, which expressly states that õ[i]n all courts of the United States, seaman may institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security therefore.ö Relief is being sought on both *in personam* and *in rem* principles.

3. Defendants are subject to the jurisdiction of the Courts of this state by purposely availing themselves through their business activities. Upon information and belief, Defendant *M/V Saudi Tabuk* conducts regular cargo shipments through Baltimore as part of its established route and Defendants, Mideast Shipping Management, Ltd. And National Shipping Company of Saudi Arabia regularly conduct business within the State of Maryland.

4. Defendant National Shipping Company of Saudi Arabia maintains three offices in the United States overseen by their agent and 100% owned subsidiary, National Shipping Company of Saudi Arabia (America) Inc.; (1) 400 E. Pratt Street Suite 400, Baltimore, Maryland 21202, (2) 401 E. Pratt Street 26th Floor, Baltimore, Maryland 21202, and (3) 501 Hoes Lane, Suite 106 Piscataway, New Jersey 08854.

5. The National Shipping Company of Saudi Arabia owns one hundred (100) percent of its subsidiary, NSCSA (America), Inc., and owns one hundred (100) percent of Mideast Ship Management Ltd.

6. In addition to using the *M/V Saudi Tabuk*, the Defendants, upon information and belief, regularly transport cargo to and from the Port of Baltimore using the *M/V Bahri Hofuf*, the

*M/V Bahri Jazan*, the M/V *Bahri Tabuk*, and the *M/V Bahri Abha*. Defendants also conduct tanker operations to the United States and contract with United States based companies to do so.

7. The cause of action asserted in this Complaint arises under the General Maritime Law of the United States.

8. At all times material hereto, the *in personam* Defendants owned, operated, managed, maintained and/or controlled the vessel, *M/V Saudi Tabuk*.

9. Upon information and belief, the *M/V Saudi Tabuk* regularly calls on the port of Baltimore, the defendant vessel in now or during the pendency of this action will be within this district and within the jurisdiction of this Honorable Court.

10. The vessel was, at all times material hereto, in navigable waters docked at the Port of Baltimore.

11. At all times material hereto, Plaintiff's employer was an agent of the ship owner and/or ship operator.

## COUNT I
## JONES ACT NEGLIGENCE AGAINST ALL DEFENDANTS

Plaintiff realleges, incorporates by reference, and adopts the foregoing and following paragraphs as though they were originally alleged herein.

12. On or about June 10, 2013, Plaintiff was employed by Defendants as a seaman and was a member of the vessel's crew. The vessel was in navigable waters.

13. It was the duty of Defendants to provide Plaintiff with a safe place to work.

14. On or about the above referenced date, Plaintiff was injured while aboard the vessel as follows: While the vessel, *M/V Saudi Tabuk*, was loading her cargo in Baltimore, the Plaintiff, while working near a forklift, became pinned between said forklift and a manlift after another employee unlashed the back of the forklift and the forklift— which had an inoperable

brake with unchecked wheels---unexpectedly rolled forward. When a third employee climbed onto the forklift, placed the forklift into reverse, and freed the Plaintiff, said employee attempted to engaged the forklift's broken brake, turned off the forklift, and climbed off the forklift. The forklift then proceeded to roll down the ramp and, once again, hit the already injured and immobile Plaintiff. Because of being hit twice by said forklift, the Plaintiff sustained severe and lasting injuries.

15. Plaintiff's injuries are due to the fault and negligence of Defendants, and/or its agents, servants, and/or employees as follows:

   a. Failure to use reasonable care to provide and maintain a safe place to work for Plaintiff, fit with proper and adequate machinery, crew and safety equipment; and/or

   b. Failure to use reasonable care in providing Plaintiff a safe place to work; and/or

   c. Failure to promulgate and enforce reasonable rules and regulations to insure safety and health of employees and more particularly the Plaintiff, while engaged in the course of his employment on said vessel; and/or

   d. Failure to provide adequate safety instruction, and supervision to crew members and Plaintiff; and/or

   e. Failure to utilize available safety materials, such as chocks, on the wheels of the forklift, manlift, and other equipment located on or around said vessel; and/or

   f. Failure to provide and post adequate warnings regarding the forklift and its operation; and/or

   h. Defendants have failed to learn and apply the common and well known principles of industrial safety on board the vessel; and/or

  i. Defendants use outmoded work methods and procedures and neglected modern safety techniques; and/or

  j. Defendants failed to have an adequate number of workers present at the time of the incident. As a result Defendants are having small work crews doing jobs traditionally handled by larger crews; and/or

  k. Defendants had the Plaintiff work without the site safety precautions available to workers in other industries; and/or

  l. Failure to ascertain the cause of prior similar accidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accident; and/or

  m. Failure to follow sound management practices with the goal of providing Plaintiff a safe place to work; and/or

  n. Prior to Plaintiff's accident Defendants failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn Plaintiff of the danger from the hazard; and/or

  o. Failure to maintain the forklift's emergency brake and braking system generally in working order.

  p. Defendants violated the international Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual.

All of the above caused Plaintiff to be injured.

16. Defendants knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care should have learned of them and corrected them.

17. As a result of the negligence of Defendants and through no negligence on behalf of the Plaintiff, the Plaintiff was injured about his body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition plaintiff in the past and in the future lost the fringe benefits that come with his jobs, including, but not limited to, found, free food, free shelter, free medical care, free uniforms, vacation and free air line ticket home and back.

**WHEREFORE**, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT II
## LONGSHORE AND HARBOR WORKER'S COMPENSATION ACT
## NEGLIGENCE AGAINST ALL DEFENDANTS

Plaintiff realleges, incorporates by reference, and the foregoing and following paragraphs as though they were originally alleged herein.

18. On or about June 10, 2013, Plaintiff, while in service of the vessel as a crew member, was injured.

19. Plaintiff is a longshoreman, and therefore, an employee as defined by 33 U.S.C. § 901 et seq.

20. The Plaintiff is entitled to compensation as the Plaintiff's disability resulted from an injury which occurred upon the navigable waters of the United States.

21. The Defendants are "person[s] other than an officer or employee of the employer" as stated in 33 U.S.C. § 933 and are subject to liability under the Act.

22. Defendants are "vessel owners" under Section 905(b) of the LHWCA.

23. Defendants owed a duty to Plaintiff including a turnover duty and an active operations duty as defined by 33 U.S.C. §905(b). Defendants breached those duties by allowing the forklift, which was under the active control of the vessel owner at the time of the incident, to be turned over to the longshoreman, including Plaintiff, without first exercising due care to insure that it was in such a condition that a longshoreman exercising the ordinary standard of care could carry on cargo operations with reasonable safety.

24. The duty of exercising reasonable care extends to inspecting ship's gear and equipment for hazards prior to the commencement of cargo operations.

25. In addition to Defendants' turnover duty, the Defendants owe a general duty of reasonable care and duty to warn as to the ship and its equipment.

26. Plaintiff's injuries are due to the fault and negligence of Defendants, and/or its agents, servants, and/or employees as follows:

   a. Failure to use reasonable care to provide and maintain a safe place to work for Plaintiff, fit with proper and adequate machinery, crew and safety equipment; and/or

   b. Failure to use reasonable care in providing Plaintiff a safe place to work; and/or

   c. Failure to promulgate and enforce reasonable rules and regulations to insure safety and health of employees and more particularly the Plaintiff, while engaged in the course of his employment on said vessel; and/or

      d.      Failure to provide adequate safety instruction, and supervision to crew members and Plaintiff; and/or

      e.      Failure to utilize available safety materials, such as chocks, on the wheels of the forklift, manlift, and other equipment located on or around said vessel; and/or

      f.      Failure to provide and post adequate warnings regarding the forklift and its operation; and/or

      g.      Defendants have failed to learn and apply the common and well known principles of industrial safety on board the vessel; and/or

      h.      Defendants use outmoded work methods and procedures and neglected modern safety techniques; and/or

      i.      Defendants failed to have an adequate number of workers present at the time of the incident. As a result Defendants are having small work crews doing jobs traditionally handled by larger crews; and/or

      j.      Defendants had the Plaintiff work without the site safety precautions available to workers in other industries; and/or

      k.      Failure to ascertain the cause of prior similar accidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accident; and/or

      l.      Failure to follow sound management practices with the goal of providing Plaintiff a safe place to work; and/or

      m.      Prior to Plaintiff's accident Defendants failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn Plaintiff of the danger from the hazard; and/or

n. Defendants violated the International Safety Management Code ("ISM") and failed to have a proper, adequate and safe Safety Management System Manual.

All of the above caused Plaintiff to be injured.

27. Defendants knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care should have learned of them and corrected them.

28. The hazards encountered by the Plaintiff were neither obvious to nor could be anticipated by a competent stevedore in the ordinary course of cargo operations.

29. As a result of the negligence of Defendants and through no negligence on behalf of the Plaintiff, the Plaintiff was injured about his body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition plaintiff in the past and in the future lost the fringe benefits that come with his jobs, including, but not limited to, found, free food, free shelter, free medical care, free uniforms, vacation and free air line ticket home and back.

**WHEREFORE**, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT III
## FAILURE TO PROVIDE MAINTENACE AND CURE AGAINST ALL DEFENDANTS

Plaintiff realleges, incorporates by reference, and adopts the foregoing and following paragraphs as though they were originally alleged herein.

30. On or about June 10, 2013, Plaintiff, while in the service of the vessel as a crew member, was injured.

31. Under the General Maritime Law, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendants, until he is declared to have reached maximum possible cure. This includes unearned wages (regular wages, overtime, and vacation pay), which are reasonably anticipated to the end of the contract or voyage, whichever is longer.

32. Defendant willfully and callously delayed, failed and refused to pay Plaintiff's entire maintenance and cure so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee. In addition, Defendant is late in paying the maintenance and cure. To date, June 10, 2013 to October 30, 2013, maintenance is due in the amount of approximately $2,982.50 per month less approximately one month from Plaintiff's hospital impatient stays. The maintenance now due totals approximately $11,930.

33. Defendant's failure to pay Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seaman. As such, Plaintiff would be entitled to attorney's fees and punitive damages under General Maritime Law of the United States. Further, Defendant unreasonably failed to pay or provide Plaintiff with maintenance and cure which aggravated his condition and caused Plaintiff to suffer additional compensatory damages including but not limited to the aggravation of Plaintiff's physical condition, disability, pain and suffering, reasonable fear of developing future physical and

medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity as well as lost earning capacity, and medical and hospital expenses in the past and into the future.

**WHEREFORE**, Plaintiff demands all damages entitled by law, attorney's fees, punitive damages and demands jury trial of all issues so triable.

### COUNT IV
### BREACH OF IMPLIED WARRANTY

Plaintiff realleges, incorporates by reference, and the foregoing and following paragraphs as though they were originally alleged herein.

34. Defendants impliedly warranted to conduct cargo operations with reasonable safety.

35. Defendants impliedly warranted the cargo and ship's equipment was not dangerous and was free from latent defects that would threaten the safety of a stevedore exercising the ordinary standard of care.

36. Plaintiff's injuries are due to the Defendants, and/or its agents, servants, and/or employees breach of Defendants' implied warranty as follows:

   a. Failure to use reasonable care to provide and maintain a safe place to work for Plaintiff, fit with proper and adequate machinery, crew and safety equipment' and/or

   b. Failure to use reasonable care in providing Plaintiff a safe place to work; and/or

   c. Failure to promulgate and enforce reasonable rules and regulations to insure safety and health of employees and more particularly the Plaintiff, while engaged in the course of his employment on said vessel; and/or

   d. Failure to provide adequate safety instruction, and supervision to crew members and Plaintiff; and/or

   e. Failure to utilize available safety materials, such as chocks, on the wheels of the forklift, manlift, and other equipment located on or around said vessel; and/or

   f. Failure to provide and post adequate warnings regarding the forklift and its operation; and/or

   g. Defendants have failed to learn and apply the common and well known principles of industrial safety on board the vessel; and/or

   h. Defendants use outmoded work methods and procedures and neglected modern safety techniques; and/or

   i. Defendants failed to have an adequate number of workers present at the time of the incident. As a result Defendants are having small work crews doing jobs traditionally handled by larger crews; and/or

   j. Defendants had the Plaintiff work without the site safety precautions available to workers in other industries; and/or

   k. Failure to ascertain the cause of prior similar accidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accident; and/or

   l. Failure to follow sound management practices with the goal of providing Plaintiff a safe place to work; and/or

   m. Prior to Plaintiff's accident Defendants failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn Plaintiff of the danger from the hazard; and/or

   n. Defendants violated the International Safety Management Code ("ISM") and failed to have a proper, adequate and safe Safety Management System Manual.

All of the above caused Plaintiff to be injured.

37. Defendants knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care should have learned of them and corrected them.

38. The hazards encountered by the Plaintiff were neither obvious to nor could be anticipated by a competent stevedore in the ordinary course of cargo operations.

39. As a result of the negligence of Defendants and through no negligence on behalf of the Plaintiff, the Plaintiff was injured about his body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition plaintiff in the past and in the future lost the fringe benefits that come with his jobs, including, but not limited to, found, free food, free shelter, free medical care, free uniforms, vacation and free air line ticket home and back.

40. Plaintiff requires medical, surgical, and/or other attendance and treatment for his injuries, which the employer is required to furnish pursuant to 33 U.S.C. § 907.

41. Therefore, Defendants, as employers, are liable for the treatment Plaintiff requires from the injuries he sustained while working on the above referenced date.

**WHEREFORE**, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT V
## *IN REM* ACTION AGAINST DEFENDANT VESSEL

Plaintiff realleges, incorporates by reference, and the foregoing paragraphs as though they were originally alleged herein and further alleges:

42. This is an action to enforce the named Plaintiff's maritime liens for his damages, injuries and losses against the vessel *M/V Saudi Tabuk*. The *M/V Saudi Tabuk* flies the flag of Saudi Arabia with a Port of Registry in Dammam. The *M/V Saudi Tabuk* is a roll-on/roll-off cellular containership, 248.12 meters in length with a gross tonnage of 44.171 tons. IMO-number 8121771, Official number SA702.

43. On or about June 10, 2013, Plaintiff was working as a longshoreman aboard the *M/V Saudi Tabuk*, when, while the vessel was loading her cargo, the Plaintiff, while unlatching the front of a forklift, was pinned between said forklift and a manlift after another employee unlatched the back of the forklift. When a third employee climbed onto the forklift, placed the forklift into reverse, and freed the Plaintiff, said employee placed engaged the forklift's brakes, turned off the forklift, and climbed off the forklift. The forklift then proceeded to roll down the ramp and, once again, hit the Plaintiff

44. As a consequence of being hit twice by the forklift, the Plaintiff sustained severe and lasting injuries.

45. Plaintiff hereby requests that a warrant for the arrest of the *M/V Saudi Tabuk,* her engines, freights, tackle, appurtenances, and appeal, etc., issue and that all persons claiming any interest therein be cited to appear and answer the matters aforesaid; and

46. That a judgment may be entered against the *M/V Saudi Tabuk* in favor of the Plaintiff for the amount of his claim, which this Plaintiff contends total ten (10) million dollars

for his Jones Act Negligence (Count I) Longshore and Harbor Worker's Compensation Act Negligence (Count II) and Breach of Implied Warranty (Count IV) claims; and $11,930 for his Failure to Provide Maintenance and Cure (Count III) claim, a to be determined reasonable attorney's fee, and one (3) million dollar for punitive damages, and any other relief that this court deems just and necessary. Plaintiff requests that the *M/V Saudi Tabuk* be condemned and sold to pay for the aforementioned amounts.

47. Additionally, Plaintiff requests that the *M/V Saudi Tabuk* be required to appear and answer all matters aforementioned and that Plaintiff have a judgment for the amount of his damages with interests and costs.

48. Upon information and belief, the vessel is presently located or will be located at the Port of Baltimore, Maryland on January 2, 2014, January 21, 2014, April 9, 2014, and/or April 26, 2014, for scheduled ports of call.

**WHEREFORE**, Plaintiff demands judgment *in rem* against the vessel for damages and costs allowed by law. Further, Plaintiff demands that the vessel be condemned and sold and that the proceeds of the sale be distributed according to law.

### PRAYER FOR JURY TRIAL

Plaintiff demands that all issues be tried by a jury.

Respectfully submitted,

/s/ Patrick S. Preller

Patrick S. Preller, Esquire
The Law Office Patrick Preller, LLC
218 E. Lexington Street, Suite 700
Baltimore, Maryland 21202
Phone (410)539-0042
Fax (410)539-2955
*Attorney for Plaintiff*

## VERIFICATION

**Unsworn Declaration Under Penalty of Perjury Pursuant to 28 U.S.C. § 1746**

JORDAN ARMSTRONG, states as follows:

1. I am the Plaintiff herein and this Affidavit is made on my own behalf.

2. I have read the foregoing Complaint and know the contents thereof, and the document verified is true to the best of my knowledge, information and belief.


I, Jordan Armstrong, declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December ____, 2013.

Jordan Armstrong