**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISON)**

| | | |
|---|---|---|
| JORDAN ARMSTRONG | * | |
| 1333 Andre Street | | |
| Baltimore, MD 21230 | * | |
| | | |
| Plaintiff, | * | |
| | | |
| | * | CIVIL ACTION |
| v. | | |
| | * | NO. WDQ-11-CV-1756 |
| | | |
| MIDEAST SHIP MANAGEMENT, LTD., | | |
| Floor No. 37 Armada 2 | * | |
| Jumeirah Lake Towers | | |
| P.O. Box 32890 | * | |
| DUBAI, UAE | | |
| | * | |
| AND | | |
| | * | |
| NATIONAL SHIPPING COMPANY OF | * | |
| SAUDI ARABIA, *in personam*, | * | |
| 401 East Pratt Street, 26th Floor | * | |
| Baltimore, MD 21202 | * | |
| | | |
| AND | * | |
| | | |
| *M/V SAUDI TABUK*, her engines, | * | |
| freights, tackle, appurtenances, and apparel, *in rem*, | | |
| | * | |
| AND | | |
| | * | |
| JBH WORLDWIDE, LLC, | | |
| SERVE ON: | * | |
| Jay Horowitz | | |
| 701 Tennent Rd. | * | |
| Manalapan Township, NJ 07726 | | |
| | * | |
| AND | | |
| | * | |
| SHIPPERS STEVEDORING CO.MPANY | | |
| 11811 East Fwy #660 | * | |
| Houston, TX 77029 | | |
| SERVE ON: | * | |

1

Nick M. Stratigakis
11811 East Freeway., Suite 660                    *
Houston, TX 77029
_____           *
AND                                                
_____           *
REEM HEAVY EQUIPMENT LIMITEE
3 Rue De L'astter Unit 03                          *
Gatineau, QC J9A 3S4
SERVE ON:
Mohammad Yassin
3 Rue De Lastter Unit 03                           *
Gatineau, QC J9A 3S4

_____           *
AND
_____           *
HERTZ EQUIPMENT RENTAL CORPORATION
3181 N. Bay Village, Ct 1A,                        *
Bonita Springs, FL 34135
SERVE ON:                                          *
CT Corporation System
1200 S. Pine Island Road
Plantation, FL 33324THE CORPORATION TRUST INC.
351 West Camden Street                             *
Baltimore, MD 21201
_____           *
AND
_____           *
WALLIS CONCRETE, LLC.,
P.O. Box 789                                       *
Wallace, TX 77465
SERVE ON:                                          *
Robert C. Fischer, Sr.
Highway 36 Southeast                               *
Wallis, TX 77485
_____           *
AND
_____           *
TOYOTA FINANCIAL SERVICES
d/b/a Shoppa's Material Handling
SHOPPA'S MATERIAL HANDLING
MANAGEMENT, LLC——                          *
d/b/a Toyota Industrial Equipment
15217 Grand River Rd.                              *
Ft. Worth, TX 76155

2



SERVE ON:                                          *
THE CORPORATION TRUST INC.
351 West Camden Street                             *
Baltimore, MD 21201
James Shoppa
515 Great Southwest Parkway
Arlington, TX 76005
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾                        *
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾                                 *
AND‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾                        *
IRONPLANET, INC.
3825 Hopyard Rd., Suite 250                        *
Pleasanton, CA 94588
SERVE ON:
C T Corporation System
1999 Bryan Street, Suite 900
Dallas, TX 75201

                                          **

           Defendants.
*    *    *    *    *    *    *    *    *    *    *    *    *

**SEAMAN'S *IN REM* AND *IN PERSONAM* VERIFIED AMENDED COMPLAINT**
**WITHOUT PREPAYMENT OF COSTS PURSUANT TO 28 U.S.C.S. § 1916**
**AND REQUEST FOR TRIAL BY JURY**

Plaintiff, by and through his undersigned attorneys, sues Defendants and alleges:

1.    Plaintiff is a citizen of Maryland.

2.    This matter is in part being brought under the admiralty and maritime jurisdiction of the court pursuant to 28 U.S.C. § 1333. This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure Rule 9(h) and is also brought pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Furthermore, this matter is filed pursuant to 28 U.S.C §1916, which expressly states that "[i]n all courts of the United States, seaman may institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws

3

enacted for their health or safety without prepaying fees or costs or furnishing security therefore." ~~Relief is being sought on both *in personam* and *in rem* principles.~~

3.       Defendants are subject to the jurisdiction of the Courts of this state by purposely availing themselves through their business activities. Upon information and belief~~, Defendant *M/V Saudi Tabuk* conducts regular cargo shipments through Baltimore as part of its established route and~~, ~~Defendants, Mideast Shipping Management, Ltd. And National Shipping Company of Saudi Arabia~~all Defendants regularly conduct business within the State of Maryland and/or served to place the defective forklift into the stream of commerce with reasonable foreseeability that same may ultimately enter the State of Maryland and injure a citizen therefrom.

4.       Defendant National Shipping Company of Saudi Arabia maintains three offices in the United States overseen by their agent and 100% owned subsidiary, National Shipping Company of Saudi Arabia (America) Inc.; (1) 400 E. Pratt Street Suite 400, Baltimore, Maryland 21202, (2) 401 E. Pratt Street 26th Floor, Baltimore, Maryland 21202, and (3) 501 Hoes Lane, Suite 106 Piscataway, New Jersey 08854.

5.       The National Shipping Company of Saudi Arabia owns one hundred (100) percent of its subsidiary, NSCSA (America), Inc., and owns one hundred (100) percent of Mideast Ship Management Ltd.

6.       In addition to using the *M/V Saudi Tabuk*, the Defendant National Shipping Company of Saudi Arabia~~s~~, upon information and belief, regularly transports cargo to and from the Port of Baltimore using the *M/V Bahri Hofuf*, the *M/V Bahri Jazan*, the M/V *Bahri Tabuk*, and the *M/V Bahri Abha*. Defendant National Shipping Company of Saudi Arabia~~s~~ also conducts tanker operations to the United States and contract with United States based companies to do so.

4

7.      The cause~~s~~ of action asserted in this Complaint arises under the General Maritime Law of the United States and the common law.

8.      At all times material hereto, ~~the *in personam*~~ Defendant  National Shipping Company of Saudi Arabia ~~s~~ owned, operated, managed, maintained and/or controlled the vessel, *M/V Saudi Tabuk*.

~~9.      Upon information and belief, the *M/V Saudi Tabuk* regularly calls on the port of Baltimore, the defendant vessel in now or during the pendency of this action will be within this district and within the jurisdiction of this Honorable Court.~~

~~10.      The vessel was, at all times material hereto, in navigable waters docked at the Port of Baltimore.~~

9~~11~~.      At all times material hereto, Plaintiff's employer was an agent of the ship owner and/or ship operator.

10.      Defendant Shippers Stevedore Company ("Shippers ~~Steverdoring~~Stevedoring") is a business that provides stevedoring, terminal and transportation services—and has a principal place of business--in Houston, Texas.   Shippers Stevedoring served as the stevedore company for the Port of ~~Baltimore~~Houston on the date of the alleged incident.

11.      Defendant JBH Worldwide, LLC., ("JBH") is a Limited Liability Company formed-- and has its principal place of business in--New Jersey.   Upon information and belief, JBH served as the transporting company on the date of the alleged incident and transported the defective forklift from Texas to Maryland.

12.      Pursuant to the Transportation Release, under the title of "Buyers/Transporters Responsibilities", "Buyers are responsible for organizing proper equipment to be used to load and transport item." (~~See Transportation Release~~).

5

13. ~~The Transportation Release lists~~ Defendant Reem Heavy Equipment LIMITEE ("Reem") is a corporation formed-- and has its principal place of business in—Gatineau, Canada. The -Transportation Release lists Reem as the ~~Buyer~~Shipper/Seller of the forklift which ~~lead~~led to the injury. Reem is also listed as the ultimate recipient/buyer of the forklift.

14. A post-accident ~~n~~ inspection of the forklift which caused Plaintiff's injuries revealed the emergency brake was broken and inoperable on the date of the accident. ~~that the~~The inspection further revealed that the emergency brake cable had previously been stretched ~~too tight causing the emergency brakes to fail~~beyond the adjustment limits causing the brake shoes not to put full pressure on the drums allowing the wheels to rotate with the parking brake applied.

15. Defendant Hertz Equipment Rental ("Hertz") is a corporation formed-- and has its principal place of business in--New Jersey. Upon information and belief, Hertz maintained the forklift for years and~~, upon information and belief,~~ had knowledge of the forklift's defect yet ~~sold~~sold/shipped/transferred the forklift without any warning that the emergency brake was defective.

16. Defendant Wallis Concrete, LLC. ("Wallis") is a limited liability company formed—and has its principal place of business—in Wallis, Texas. Upon information and belief, Wallis transported the forklift from the auction yard to the Texas port.

17. Defendant ~~Toyota Financial Services~~Shoppa's Material Handling Management, LLC ("Shoppa's~~Toyota~~") is a limited liability company formed—and has its principal place of business—in Arlington, Texas. Upon information and belief, Shoppa's owns and manages the auction yard from which Defendant Wallis picked up the defective forklift.

18.    Defendant IronPlanet, Inc. ("IronPlanet") is a corporation formed-- and has its principal place of business in—California.   Upon information and belief, IronPlanet operates the auction house that handled the sale of the defective forklift.

### COUNT I
### JONES ACT NEGLIGENCE AGAINST ALL DEFENDANTS

Plaintiff realleges, incorporates by reference, and adopts the foregoing and following paragraphs as though they were originally alleged herein.

12.    On or about June 10, 2013, Plaintiff was employed by Defendants as a seaman and was a member of the vessel's crew. The vessel was in navigable waters.

13.    It was the duty of Defendants to provide Plaintiff with a safe place to work.

14.    On or about the above referenced date, Plaintiff was injured while aboard the vessel as follows: While the vessel, *M/V Saudi Tabuk*, was loading her cargo in Baltimore, the Plaintiff, while working near a forklift, became pinned between said forklift and a manlift after another employee unlashed the back of the forklift and the forklift—which had an inoperable brake with unchecked wheels—unexpectedly rolled forward. When a third employee climbed onto the forklift, placed the forklift into reverse, and freed the Plaintiff, said employee attempted to engaged the forklift's broken brake, turned off the forklift, and climbed off the forklift. The forklift then proceeded to roll down the ramp and, once again, hit the already injured and immobile Plaintiff. Because of being hit twice by said forklift, the Plaintiff sustained severe and lasting injuries.

15.    Plaintiff's injuries are due to the fault and negligence of Defendants, and/or its agents, servants, and/or employees as follows:

a. Failure to use reasonable care to provide and maintain a safe place to work for Plaintiff, fit with proper and adequate machinery, crew and safety equipment' and/or

b. Failure to use reasonable care in providing Plaintiff a safe place to work; and/or

c. Failure to promulgate and enforce reasonable rules and regulations to insure safety and health of employees and more particularly the Plaintiff, while engaged in the course of his employment on said vessel; and/or

d. Failure to provide adequate safety instruction, and supervision to crew members and Plaintiff; and/or

e. Failure to utilize available safety materials, such as chocks, on the wheels of the forklift, manlift, and other equipment located on or around said vessel; and/or

f. Failure to provide and post adequate warnings regarding the forklift and its operation; and/or

h. Defendants have failed to learn and apply the common and well known principles of industrial safety on board the vessel; and/or

i. Defendants use outmoded work methods and procedures and neglected modern safety techniques; and/or

j. Defendants failed to have an adequate number of workers present at the time of the incident. As a result Defendants are having small work crews doing jobs traditionally handled by larger crews; and/or

k. Defendants had the Plaintiff work without the site safety precautions available to workers in other industries; and/or

8

l. Failure to ascertain the cause of prior similar accidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accident; and/or

m. Failure to follow sound management practices with the goal of providing Plaintiff a safe place to work; and/or

n. Prior to Plaintiff's accident Defendants failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn Plaintiff of the danger from the hazard; and/or

o. Failure to maintain the forklift's emergency brake and braking system generally in working order.

p. Defendants violated the international Safety Management Code and failed to have a proper, adequate and safe Safety Management System Manual.

All of the above caused Plaintiff to be injured.

16. Defendants knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care should have learned of them and corrected them.

17. As a result of the negligence of Defendants and through no negligence on behalf of the Plaintiff, the Plaintiff was injured about his body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will

9

~~suffer the losses and impairments in the future. In addition plaintiff in the past and in the future lost the fringe benefits that come with his jobs, including, but not limited to, found, free food, free shelter, free medical care, free uniforms, vacation and free air line ticket home and back.~~

~~**WHEREFORE**, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.~~

**COUNT I~~I~~**
**LONGSHORE AND HARBOR WORKER'S COMPENSATION ACT NEGLIGENCE (AGAINST ALL DEFENDANTS)**

> Formatted: Indent: First line: 0"

Plaintiff realleges, incorporates by reference, and the foregoing and following paragraphs as though they were originally alleged herein.

~~18~~19.   On or about June 10, 2013, Plaintiff, while in the process of servic~~ing~~ ~~of~~ the vessel ~~as a crew member~~, was injured.

~~20~~19.   Plaintiff is a longshoreman, and therefore, an employee as defined by 33 U.S.C. § 901 et seq.

~~21~~20.   The Plaintiff is entitled to compensation as the Plaintiff's disability resulted from an injury which occurred upon the navigable waters of the United States.

~~22~~21.   The Defendants are "person[s] other than an officer or employee of the employer" as stated in 33 U.S.C. § 933 and are subject to liability under the Act.

~~23~~22.   Defendant~~s~~ National Shipping Company of Saudi Arabia is a~~are~~ "vessel owners" under Section 905(b) of the LHWCA.

~~24~~23.   Defendant National Shipping Company of Saudi Arabia ~~s~~owed a duty to Plaintiff including a turnover duty and an active operations duty as defined by 33 U.S.C. §905(b). Defendants breached those duties by allowing the forklift, which was under the active control of the vessel owner at the time of the incident, to be turned over to the longshoreman, including

10

Plaintiff, without first exercising due care to insure that it was in such a condition that a longshoreman exercising the ordinary standard of care could carry on cargo operations with reasonable safety.

25~~24~~.   The duty of exercising reasonable care extends to inspecting ship's gear and equipment for hazards prior to the commencement of cargo operations.

26~~25~~.   In addition to Defendants' turnover duty, the Defendants owe a general duty of reasonable care and duty to warn Plaintiff (and other persons engaged in—and/or reasonably foreseen to be engaged in—shipping the forklift) as to the ship, the cargo and its equipment.

27~~26~~.   Plaintiff's injuries are due to the fault and negligence of Defendants, and/or its agents, servants, and/or employees as follows:

 a. Failure to use reasonable care to provide and maintain a safe place to work for Plaintiff, fit with proper and adequate machinery, crew and safety equipment; and/or

 b. Failure to use reasonable care in providing Plaintiff a safe place to work; and/or

 c. Failure to promulgate and enforce reasonable rules and regulations to insure safety and health of employees and more particularly the Plaintiff, while engaged in the course of his employment on said vessel; and/or

 d. Failure to provide adequate safety instruction, and supervision to stevedores, shippers, transportation crews, vessel crew members and Plaintiff; and/or

 e. Failure to utilize available safety materials, such as chocks, on the wheels of the forklift, manlift, and other equipment located on or around said vessel; and/or

11

f.      Failure to provide and post adequate warnings, failed to label, warn or otherwise notify Plaintiff of the defective emergency brake regarding , the forklift and its operation; and/or

g.      Defendants have failed to learn and apply the common and well known principles of industrial safety on board the vessel; and/or

h.      Defendants use outmoded work methods and procedures and neglected modern safety techniques; and/or

i.      Defendants failed to have an adequate number of workers present at the time of the incident. As a result Defendants are having small work crews doing jobs traditionally handled by larger crews; and/or

j.      Defendants had the Plaintiff work without the site safety precautions available to workers in other industries; and/or

k.      Failure to ascertain the cause of prior similar accidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accident; and/or

l.      Failure to follow sound management practices with the goal of providing Plaintiff a safe place to work; and/or

m.      Prior to Plaintiff's accident Defendants failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn Plaintiff of the danger from the hazard; and/or

n.      Defendants violated the International Safety Management Code ("ISM") and failed to have a proper, adequate and safe Safety Management System Manual; and/or.

o.      Defendants failed to follow proper procedure and/or protocol in the transportation of the subject equipment; and/or

12

p.      Defendants failed to provide proper notice and/or warning of the defective condition of the equipment despite their knowledge and obligation to make such disclosures; and/or

~~All of the above caused Plaintiff to be injured.~~      q.      Defendants failed to undertake a proper inspection of the equipment at all times from the point of shipment through the point of delivery; and/or

r.      Defendants' inspection of the equipment, if any such inspection did occur, was insufficient, inadequate, and/or otherwise failed to meet the required standards and protocols; and/or

s.      Defendants failed to safely stow and secure the equipment in a manner that was reasonably safe, or alternatively, in a way that complied with proper procedure and protocol.

All of the above caused Plaintiff to be injured.


28.      Upon information and belief, Defendant ~~JBH Worldwide~~ s failed to ~~lable~~label the forklift as "non-operating ro-ro unit (no brakes)" as required.~~——~~

29~~27~~.      Defendants knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care should have learned of them and corrected them.

30~~28~~.      The hazards encountered by the Plaintiff were neither obvious to nor could be anticipated by a competent stevedore in the ordinary course of cargo operations.

31~~29~~.      As a result of the negligence of Defendants, and through no negligence on behalf of the Plaintiff, the Plaintiff was severely injured about his body and extremities, suffered

13

physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition plaintiff in the past and in the future lost the fringe benefits that come with his jobs, including, but not limited to, found, free food, free shelter, free medical care, free uniforms, vacation and free air line ticket home and back.

**WHEREFORE**, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

COUNT III

FAILURE TO PROVIDE MAINTENACE AND CURE AGAINST ALL DEFENDANTS

Plaintiff realleges, incorporates by reference, and adopts the foregoing and following paragraphs as though they were originally alleged herein.

30.    On or about June 10, 2013, Plaintiff, while in the service of the vessel as a crew member, was injured.

31.    Under the General Maritime Law, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendants, until he is declared to have reached maximum possible cure. This includes unearned wages (regular wages, overtime, and vacation pay), which are reasonably anticipated to the end of the contract or voyage, whichever is longer.

14

~~32.    Defendant willfully and callously delayed, failed and refused to pay Plaintiff's entire maintenance and cure so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee. In addition, Defendant is late in paying the maintenance and cure. To date, June 10, 2013 to October 30, 2013, maintenance is due in the amount of approximately $2,982.50 per month less approximately one month from Plaintiff's hospital impatient stays. The maintenance now due totals approximately $11,930.~~

~~33.    Defendant's failure to pay Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seaman. As such, Plaintiff would be entitled to attorney's fees and punitive damages under General Maritime Law of the United States. Further, Defendant unreasonably failed to pay or provide Plaintiff with maintenance and cure which aggravated his condition and caused Plaintiff to suffer additional compensatory damages including but not limited to the aggravation of Plaintiff's physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity as well as lost earning capacity, and medical and hospital expenses in the past and into the future.~~

~~WHEREFORE, Plaintiff demands all damages entitled by law, attorney's fees, punitive damages and demands jury trial of all issues so triable.~~

**COUNT II~~V~~**
**BREACH OF IMPLIED WARRANTY**
**(ALL DEFENDANTS)**

Plaintiff realleges, incorporates by reference, and the foregoing and following paragraphs as though they were originally alleged herein.

32~~34~~.  Defendants impliedly warranted to ~~–~~ conduct cargo operations with reasonable safety.

15

3335.  Defendants impliedly warranted the cargo and ship's equipment was not dangerous and was free from latent defects that would threaten the safety of a stevedore exercising the ordinary standard of care.

3436.  Plaintiff's injuries are due to the Defendants, and/or its agents, servants, and/or employees breach of Defendants' implied warranty as follows:

a.      Failure to use reasonable care to provide and maintain a safe place to work for Plaintiff, fit with proper and adequate machinery, crew and safety equipment and/or

b.      Failure to use reasonable care in providing Plaintiff a safe place to work; and/or

c.      Failure to promulgate and enforce reasonable rules and regulations to insure safety and health of employees and more particularly the Plaintiff, while engaged in the course of his employment on said vessel; and/or

d.      Failure to provide adequate safety instruction, and supervision to stevedores, shippers, transportation crews, vessel crew members and Plaintiff; and/or

e.      Failure to utilize available safety materials, such as chocks, on the wheels of the forklift, manlift, and other equipment located on or around said vessel; and/or

f.      Failure to provide and post adequate warnings regarding the forklift and its operation; and/or

g.      Defendants have failed to learn and apply the common and well known principles of industrial safety on board the vessel; and/or

h.      Defendants use outmoded work methods and procedures and neglected modern safety techniques; and/or

16

i.      Defendants failed to have an adequate number of workers present at the time of the incident. As a result Defendants are having small work crews doing jobs traditionally handled by larger crews; and/or

j.      Defendants had the Plaintiff work without the site safety precautions available to workers in other industries; and/or

k.      Failure to ascertain the cause of prior similar accidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accident; and/or

l.      Failure to follow sound management practices with the goal of providing Plaintiff a safe place to work; and/or

m.      Prior to Plaintiff's accident Defendants failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn Plaintiff of the danger from the hazard; and/or

n.      Defendants violated the International Safety Management Code ("ISM") and failed to have a proper, adequate and safe Safety Management System Manual; and/or

o.      Defendants failed to follow proper procedure and/or protocol in the transportation of the subject equipment; and/or

p.      Defendants failed to provide proper notice and/or warning of the defective condition of the equipment despite their knowledge and obligation to make such disclosures; and/or

q.      Defendants failed to undertake a proper inspection of the equipment at all times from the point of shipment through the point of delivery; and/or

17

r. Defendants' inspection of the equipment, if any such inspection did occur, was insufficient, inadequate, and/or otherwise failed to meet the required standards and protocols; and/or

s. Defendants failed to safely stow and secure the equipment in a manner that was reasonably safe, or alternatively, in a way that complied with proper procedure and protocol.

All of the above caused Plaintiff to be injured.

a. Failure to use reasonable care to provide and maintain a safe place to work for Plaintiff, fit with proper and adequate machinery, crew and safety equipment' and/or

b. Failure to use reasonable care in providing Plaintiff a safe place to work; and/or

c. Failure to promulgate and enforce reasonable rules and regulations to insure safety and health of employees and more particularly the Plaintiff, while engaged in the course of his employment on said vessel; and/or

d. Failure to provide adequate safety instruction, and supervision to crew members and Plaintiff; and/or

e. Failure to utilize available safety materials, such as chocks, on the wheels of the forklift, manlift, and other equipment located on or around said vessel; and/or

f. Failure to provide and post adequate warnings regarding the forklift and its operation; and/or

g. Defendants have failed to learn and apply the common and well known principles of industrial safety on board the vessel; and/or

18

h.    Defendants use outmoded work methods and procedures and neglected modern safety techniques; and/or

i.    Defendants failed to have an adequate number of workers present at the time of the incident. As a result Defendants are having small work crews doing jobs traditionally handled by larger crews; and/or

j.    Defendants had the Plaintiff work without the site safety precautions available to workers in other industries; and/or

k.    Failure to ascertain the cause of prior similar accidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accident; and/or

l.    Failure to follow sound management practices with the goal of providing Plaintiff a safe place to work; and/or

m.    Prior to Plaintiff's accident Defendants failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn Plaintiff of the danger from the hazard; and/or

n.    Defendants violated the International Safety Management Code ("ISM") and failed to have a proper, adequate and safe Safety Management System Manual.

All of the above caused Plaintiff to be injured.

3537.    Defendants knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care should have learned of them and corrected them.

3638.    The hazards encountered by the Plaintiff were neither obvious to nor could be anticipated by a competent stevedore in the ordinary course of cargo operations.

37~~39~~.  As a result of the negligence of Defendants and through no negligence on behalf of the Plaintiff, the Plaintiff was injured about his body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition plaintiff in the past and in the future lost the fringe benefits that come with his jobs, including, but not limited to, found, free food, free shelter, free medical care, free uniforms, vacation and free air line ticket home and back.

~~38~~~~40.  Plaintiff requires medical, surgical, and/or other attendance and treatment for his injuries, which the employer is required to furnish pursuant to 33 U.S.C. § 907.~~

39~~8~~~~41~~. Therefore, Defendants ~~, as employers,~~ are liable for the treatment Plaintiff requires from the injuries he sustained while working on the above referenced date.

**WHEREFORE**, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

**COUNT III
NEGLIGENCE PURSUANT TO ~~TEXAS~~ COMMON LAW
(AGAINST DEFENDANTS HERTZ, WALLIS, ~~TOYOTA~~SHOPPA'S, ~~AND IRONPLANET,~~ JBH WORLDWIDE, SHIPPERS STEVEDORING, REEM HEAVY EQUIPMENT)**

> **Formatted:** Centered, Line spacing: single

Plaintiff realleges, incorporates by reference, and the foregoing and following paragraphs as though they were originally alleged herein.

> **Formatted:** Left

20

4039.   Defendants Hertz, Wallis, Shoppa's, Ironplanet, JBH, Shipper's Stevedoring and Reem~~Hertz Equipment Rental ("Hertz")~~ ~~maintained the forklift for years and~~ had actual or constructive knowledge ~~had knowledge~~ of the forklift's defect yet sold/shipped/transferred the forklift without any warning that the emergency brake was defective.

410.     Defendants Hertz, Wallis, Shoppa's, Ironplanet, JBH, Shipper's Stevedoring and Reem had a duty to notify and/or tag the forklift as defective before allowing the vehicle to be shipped.

421.     Defendants Hertz, Wallis, Shoppa's, Ironplanet, JBH, Shipper's Stevedoring and Reem~~Hertz~~ breached this duty by shipping the vehicle without any notification and/or label regarding the forklift's defect and/or failing to repair the forklift prior to transport.

432.     As a direct and proximate result of Defendants Hertz, Wallis, Shoppa's, Ironplanet, JBH, Shipper's Stevedoring and Reem~~Hertz~~'s conduct in failing to notify involved individuals and/or label the forklift's defect, all in breach of the duty owed to Plaintiff and to all members of the public, which foreseeably and proximately caused grievous bodily harm and other damage to Plaintiff.

~~443.   Defendant Wallis would have become aware had actual or constructive knowledge of the defective emergency brakes on the forklift while transporting the vehicle as the movers would have attempted to apply the emergency brake without success during transport.~~

~~454.   Defendant Wallis had a duty to notify and/or tag the vehicle as defective roll-on, roll-off cargo.~~                                                        ← **Formatted: Left**

~~465.   Defendant Wallis delivered the forklift to the port without any warnings or notifications whatsoever that the emergency brake was defective.~~

21

476.   As a direct and proximate result of Defendant Wallis's conduct in delivering the forklift to the port without any warnings or notification whatsoever, all in breach of the duty owed to Plaintiff and to all members of the public, which foreseeably and proximately caused grievous bodily harm and other damage to Plaintiff.

487.   Defendant Toyota had a duty to notify and/or tag the forklift prior to delivery/transport.

498.   Defendant Toyota knew or had constructive knowledge of the defective emergency brakes on the forklift because it would have tested, driven, and parked the vehicle prior to shipment.

5049.   Defendant Toyota authorized pick up of the forklift by Defendant Wallis without any warnings or notification whatsoever that the emergency brake was defective.

510.   As a direct and proximate result of Defendant Toyota's conduct in authorizing Defendant Wallis to pick up and transport the defective forklift without any warnings or notification whatsoever, all in breach of the duty owed to Plaintiff and to all members of the public, which foreseeably and proximately caused grievous bodily harm and other damage to Plaintiff.

521.   Defendant IronPlanet had a duty to notify involved individuals and/or tag the forklift as defective prior to delivery/transport.

532.   Defendant IronPlanet orchestrated and oversaw the sale of the defective forklift without any warnings or notifications whatsoever that the emergency brake was defective.

543.   Defendant IronPlanet knew or had constructive knowledge that the forklift to bewas defective because it would have tested, driven, and parked the forklift prior to shipment.

554.   As a direct and proximate result of Defendant IronPlanet's conduct in orchestrating and overseeing the sale of the defective forklift without any warnings or notification whatsoever that the emergency brake was defective, all in breach of the duty owed to Plaintiff and to all members

22

Case 4:15-cv-00868  Document 20-1  Filed in TXSD on 08/26/14  Page 23 of 28
Case 1:13-cv-03702-ELH  Document 18-2  Filed 08/25/14  Page 23 of 28

of the public, which foreseeably and proximately caused grievous bodily harm and other damage to Plaintiff.

55.    Further, Plaintiff's injuries are due to the Defendants', and/or their agents', servants', and/or employees' following breaches of duty owed to this foreseeable Plaintiff:

a.    Failure to use reasonable care to provide and maintain a safe place to work for Plaintiff, fit with proper and adequate machinery, crew and safety equipment and/or

b.    Failure to use reasonable care in providing Plaintiff a safe place to work; and/or

c.    Failure to promulgate and enforce reasonable rules and regulations to insure safety and health of employees and more particularly the Plaintiff, while engaged in the course of his employment on said vessel; and/or

d.    Failure to provide adequate safety instruction, and supervision to stevedores, shippers, transportation crews, vessel crew members and Plaintiff; and/or

e.    Failure to utilize available safety materials, such as chocks, on the wheels of the forklift, manlift, and other equipment located on or around said vessel; and/or

f.    Failure to provide and post adequate warnings regarding the forklift and its operation; and/or

g.    Defendants have failed to learn and apply the common and well known principles of industrial safety on board the vessel; and/or

h.    Defendants use outmoded work methods and procedures and neglected modern safety techniques; and/or

23

i.      Defendants failed to have an adequate number of workers present at the time of the incident. As a result Defendants are having small work crews doing jobs traditionally handled by larger crews; and/or

j.      Defendants had the Plaintiff work without the site safety precautions available to workers in other industries; and/or

k.      Failure to ascertain the cause of prior similar accidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accident; and/or

l.      Failure to follow sound management practices with the goal of providing Plaintiff a safe place to work; and/or

m.      Prior to Plaintiff's accident Defendants failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn Plaintiff of the danger from the hazard; and/or

n.      Defendants violated the International Safety Management Code ("ISM") and failed to have a proper, adequate and safe Safety Management System Manual; and/or

o.      Defendants failed to follow proper procedure and/or protocol in the transportation of the subject equipment; and/or

p.      Defendants failed to provide proper notice and/or warning of the defective condition of the equipment despite their knowledge and obligation to make such disclosures; and/or

q.      Defendants failed to undertake a proper inspection of the equipment at all times from the point of shipment through the point of delivery; and/or

24

r.      Defendants' inspection of the equipment, if any such inspection did occur, was insufficient, inadequate, and/or otherwise failed to meet the required standards and protocols; and/or

s.      Defendants failed to safely stow and secure the equipment in a manner that was reasonably safe, or alternatively, in a way that complied with proper procedure and protocol.

All of the above breaches directly and proximately caused Plaintiff to be injured.

**WHEREFORE**, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

**COUNT V**
**_IN REM_ ACTION AGAINST DEFENDANT VESSEL**

Plaintiff realleges, incorporates by reference, and the foregoing paragraphs as though they were originally alleged herein and further alleges:

42.      This is an action to enforce the named Plaintiff's maritime liens for his damages, injuries and losses against the vessel _M/V Saudi Tabuk_. The _M/V Saudi Tabuk_ flies the flag of Saudi Arabia with a Port of Registry in Dammam. The _M/V Saudi Tabuk_ is a roll on/roll off cellular containership, 248.12 meters in length with a gross tonnage of 44.171 tons. IMO number 8121771, Official number SA702.

43.      On or about June 10, 2013, Plaintiff was working as a longshoreman aboard the _M/V Saudi Tabuk_, when, while the vessel was loading her cargo, the Plaintiff, while unlatching the front of a forklift, was pinned between said forklift and a manlift after another employee

unlatched the back of the forklift. When a third employee climbed onto the forklift, placed the forklift into reverse, and freed the Plaintiff, said employee placed engaged the forklift's brakes, turned off the forklift, and climbed off the forklift. The forklift then proceeded to roll down the ramp and, once again, hit the Plaintiff

44. As a consequence of being hit twice by the forklift, the Plaintiff sustained severe and lasting injuries.

45. Plaintiff hereby requests that a warrant for the arrest of the *M/V Saudi Tabuk*, her engines, freights, tackle, appurtenances, and appeal, etc., issue and that all persons claiming any interest therein be cited to appear and answer the matters aforesaid; and

46.     That a judgment may be entered against the *M/V Saudi Tabuk* in favor of the Plaintiff for the amount of his claim, which this Plaintiff contends total ten (10) million dollars for his Jones Act Negligence (Count I) Longshore and Harbor Worker's Compensation Act Negligence (Count II) and Breach of Implied Warranty (Count IV) claims; and $11,930 for his Failure to Provide Maintenance and Cure (Count III) claim, a to be determined reasonable attorney's fee, and one (3) million dollar for punitive damages, and any other relief that this court deems just and necessary. Plaintiff requests that the *M/V Saudi Tabuk* be condemned and sold to pay for the aforementioned amounts.

47.     Additionally, Plaintiff requests that the *M/V Saudi Tabuk* be required to appear and answer all matters aforementioned and that Plaintiff have a judgment for the amount of his damages with interests and costs.

48.     Upon information and belief, the vessel is presently located or will be located at the Port of Baltimore, Maryland on January 2, 2014, January 21, 2014, April 9, 2014, and/or April 26, 2014, for scheduled ports of call.

26

~~WHEREFORE, Plaintiff demands judgment *in rem* against the vessel for damages and costs allowed by law. Further, Plaintiff demands that the vessel be condemned and sold and that the proceeds of the sale be distributed according to law.~~

### PRAYER FOR JURY TRIAL

Plaintiff demands that all issues be tried by a jury.

Respectfully submitted,

/s/ Patrick S. Preller

Patrick S. Preller, Esquire
The Law Office Patrick Preller, LLC
218 E. Lexington Street, Suite 700
Baltimore, Maryland 21202
Phone (410)539-0042
Fax (410)539-2955
*Attorney for Plaintiff*

27

**VERIFICATION**

**Unsworn Declaration Under Penalty of Perjury Pursuant to 28 U.S.C. § 1746**

JORDAN ARMSTRONG, states as follows:

1. I am the Plaintiff herein and this Affidavit is made on my own behalf.

2. I have read the foregoing Complaint and know the contents thereof, and the document
   verified is true to the best of my knowledge, information and belief.

I, Jordan Armstrong, declare under the penalty of perjury under the laws of the United
States of America that the foregoing is true and correct. Executed on December August_____,
20143.

_____

_____

_____ Jordan Armstrong