# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### (HOUSTON DIVISION)

| | | |
|---|---|---|
| JORDAN ARMSTRONG | * | |
| 1333 Andre Street | | |
| Baltimore, MD 21230 | * | |
| | | |
| Plaintiff, | * | |
| | | |
| | * | CASE NO. |
| v. | | |
| | * | 4:15-cv-00868 |
| | | |
| NATIONAL SHIPPING COMPANY OF | * | |
| SAUDI ARABIA a/k/a Bahri, *in personam*, | | |
| 401 East Pratt Street, 26th Floor | * | |
| Baltimore, MD 21202 | | |
| | * | |
| AND | | |
| | * | |
| JBH WORLDWIDE, LLC | | |
| SERVE ON: | * | |
| Jay Horowitz | | |
| 701 Tennent Rd. | * | |
| Manalapan Township, NJ 07726 | | |
| | * | |
| AND | | |
| | * | |
| SHIPPERS STEVEDORING COMPANY | | |
| 11811 East Fwy #660 | * | |
| Houston, TX 77029 | | |
| SERVE ON: | * | |
| Nick M. Stratigakis | | |
| 11811 East Freeway., Suite 660 | * | |
| Houston, TX 77029 | | |
| | * | |
| REEM HEAVY EQUIPMENT LIMITEE | | |
| SERVE ON: | * | |
| Mohammad Yassin | | |

1

3 Rue De Lastter Unit 03                        *
Gatineau, QC J9A 3S4
                                                *

AND

Robert C. Fischer, Jr.                          *
d/b/a/ Wallis Concrete Transport
646 Wallis Concrete Rd.                         *
Wallace, TX 77465
SERVE ON:                                       *
Robert C. Fischer, Jr.
646 Wallis Concrete Rd.                         *
Wallis, TX 77485
                                                *
AND
                                                *

SHOPPA'S MATERIAL HANDLING                      *
MANAGEMENT, LLC
15217 Grand River Rd.                           *
Ft. Worth, TX 76155
SERVE ON:                                       *
James Shoppa
515 Great Southwest Parkway                     *
Arlington, TX 76005
                                                *
AND
                                                *
IRONPLANET, INC.
3825 Hopyard Rd., Suite 250                     *
Pleasanton, CA 94588
SERVE ON:                                       *
C T Corporation System
1999 Bryan Street, Suite 900                    *
Dallas, TX 75201
                                                *
AND

```
                                              *
TOYOTA MOTOR CREDIT CORPORATION
15217 Grand River Rd.                         *
Fort Worth, TX 76155
                                              *

                                              *

              Defendants.
*    *    *    *    *    *    *    *    *    *    *    *    *
```

## THIRD AMENDED COMPLAINT WITHOUT PREPAYMENT OF COSTS PURSUANT TO 28 U.S.C.S. § 1916
## AND REQUEST FOR TRIAL BY JURY

Plaintiff, by and through his undersigned attorneys, sues Defendants and alleges:

1.  Plaintiff is a citizen of Maryland.

2.  This matter is in part being brought under the admiralty and maritime jurisdiction

of the court pursuant to 28 U.S.C. § 1333. This is an admiralty and maritime claim

within the meaning of Federal Rule of Civil Procedure Rule 9(h) and is also brought

pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime

Claims of the Federal Rules of Civil Procedure. Furthermore, this matter is filed

pursuant to 28 U.S.C §1916, which expressly states that "[i]n all courts of the United

States, seaman may institute and prosecute suits and appeals in their own names and

for their own benefit for wages or salvage or the enforcement of laws enacted for

their health or safety without prepaying fees or costs or furnishing security

therefore."

3.      Defendants are subject to the jurisdiction of the Courts of this state by purposely availing themselves through their business activities. Upon information and belief, all Defendants regularly conduct business within the State of Maryland and/or served to place the defective forklift into the stream of commerce with reasonable foreseeability that same may ultimately enter the State of Maryland and injure a citizen therefrom.

4.      Defendant National Shipping Company of Saudi Arabia a/k/a Bahri ("National Shipping Company of Saudi Arabia") maintains three offices in the United States overseen by their agent and 100% owned subsidiary, National Shipping Company of Saudi Arabia (America) Inc.; (1) 400 E. Pratt Street Suite 400, Baltimore, Maryland 21202, (2) 401 E. Pratt Street 26th Floor, Baltimore, Maryland 21202, and (3) 501 Hoes Lane, Suite 106 Piscataway, New Jersey 08854.

5.      The National Shipping Company of Saudi Arabia owns one hundred (100) percent of its subsidiary, NSCSA (America), Inc., and owns one hundred (100) percent of Mideast Ship Management Ltd.

6.      In addition to using the *M/V Saudi Tabuk*, the Defendant National Shipping Company of Saudi Arabia, upon information and belief, regularly transports cargo to and from the Port of Baltimore using the *M/V Bahri Hofuf*, the *M/V Bahri Jazan*, the M/V *Bahri Tabuk*, and the *M/V Bahri Abha*. Defendant

National Shipping Company of Saudi Arabia also conducts tanker operations to the United States and contract with United States based companies to do so.

7.    The causes of action asserted in this Complaint arises under the General Maritime Law of the United States and the common law.

8.    At all times material hereto, Defendant National Shipping Company of Saudi Arabia owned, operated, managed, maintained and/or controlled the vessel, *M/V Saudi Tabuk*.

9.    At all times material hereto, Plaintiff's employer was an agent of the ship owner and/or ship operator.

10.    Defendant Shippers Stevedore Company ("Shippers Stevedoring") is a business that provides stevedoring, terminal and transportation services—and has a principal place of business--in Houston, Texas.   Shippers Stevedoring served as the stevedore company for the Port of Houston on the date of the alleged incident where it loaded the defective forklift for transport to Maryland while the forklift was en route from Texas to Saudi Arabia.

11.    Defendant JBH Worldwide, LLC., ("JBH") is a Limited Liability Company formed-- and has its principal place of business in--New Jersey.   Upon information and belief, JBH  served as the forwarding agent for the defective forklift, arranged for the transport of the defective forklift from Texas to Saudi Arabia, and facilitated same.

5

12.     Pursuant to the Transportation Release, under the title of "Buyers/Transporters Responsibilities", "Buyers are responsible for organizing proper equipment to be used to load and transport item."

13.     Defendant Reem Heavy Equipment LIMITEE ("Reem") is a corporation formed-- and has its principal place of business in—Gatineau, Canada. The Transportation Release lists Reem as the Shipper/Seller of the forklift which led to the injury.   Reem is also listed as the ultimate recipient/buyer of the forklift.

14.     An inspection of the forklift that caused Plaintiff's injuries, performed by Defendant Toyota on or about March 12, 2013, prior to the occurrence at issue, revealed that the emergency brake was not operational at that time.

15.     A post-accident inspection of the forklift which caused Plaintiff's injuries revealed the emergency brake was broken and inoperable on the date of the accident.   The inspection further revealed that the emergency brake cable had previously been stretched beyond the adjustment limits causing the brake shoes not to put full pressure on the drums allowing the wheels to rotate with the parking brake applied.

16.     Defendant Robert C. Fischer, Jr. d/b/a Wallace Concrete Transport ("Wallis") is a sole proprietorship formed—and has its principal place of business— in Wallis, Texas.   Upon information and belief, Wallis transported the forklift from the auction yard to the Texas port.

17.     Defendant Shoppa's Material Handling Management, LLC ("Shoppa's") is a limited liability company formed—and has its principal place of business—in Arlington, Texas.   Upon information and belief, Shoppa's owns and manages the yard from which Defendant Wallis picked up the defective forklift. The defective forklift was stored at Shoppa's yard while listed for auction.

18.     Defendant IronPlanet, Inc. ("IronPlanet") is a corporation formed-- and has its principal place of business in—California.   Upon information and belief, IronPlanet operates the auction house that handled the sale of the defective forklift. IronPlanet also performed an inspection of the forklift but failed to include notice of the forklift's defective parking brake in its inspection report.

19.     Defendant Toyota Motor Credit Corporation ("Toyota") is a corporation formed—and has its principal place of business in—California. Upon information and belief, Toyota listed the defective forklift for auction, failed to describe the defects in the forklift in its listing, and failed to provide any notice of the defective parking brake despite being aware of the defective parking brake following the inspection of the forklift on or about March 12, 2013.


## COUNT I
## LONGSHORE AND HARBOR WORKER'S COMPENSATION ACT NEGLIGENCE (AGAINST ALL DEFENDANTS)

Plaintiff realleges, incorporates by reference, and the foregoing and following paragraphs as though they were originally alleged herein.

20.    On or about June 10, 2013, Plaintiff, while in the process of servicing the vessel, was injured.

21.    Plaintiff is a longshoreman, and therefore, an employee as defined by 33 U.S.C. § 901 et seq.

22.    The Plaintiff is entitled to compensation as the Plaintiff's disability resulted from an injury which occurred upon the navigable waters of the United States.

23.    The Defendants are "person[s] other than an officer or employee of the employer" as stated in 33 U.S.C. § 933 and are subject to liability under the Act.

24.    Defendant National Shipping Company of Saudi Arabia is a "vessel owners" under Section 905(b) of the LHWCA.

25.    Defendant National Shipping Company of Saudi Arabia owed a duty to Plaintiff including a turnover duty and an active operations duty as defined by 33 U.S.C. §905(b). Defendants breached those duties by allowing the forklift, which was under the active control of the vessel owner at the time of the incident, to be turned over to the longshoreman, including Plaintiff, without first exercising due care to insure that it was in such a condition that a longshoreman exercising the ordinary standard of care could carry on cargo operations with reasonable safety.

8

26.     The duty of exercising reasonable care extends to inspecting ship's gear and equipment for hazards prior to the commencement of cargo operations.

27.     In addition to Defendants' turnover duty, the Defendants owe a general duty of reasonable care and duty to warn Plaintiff (and other persons engaged in—and/or reasonably foreseen to be engaged in—shipping the forklift) as to the ship, the cargo and its equipment.

28.     Plaintiff's injuries are due to the fault and negligence of Defendants, and/or its agents, servants, and/or employees as follows:

      a.     Failure to use reasonable care to provide and maintain a safe place to work for Plaintiff, fit with proper and adequate machinery, crew and safety equipment and/or

      b.     Failure to use reasonable care in providing Plaintiff a safe place to work; and/or

      c.     Failure to promulgate and enforce reasonable rules and regulations to insure safety and health of employees and more particularly the Plaintiff, while engaged in the course of his employment on said vessel; and/or

      d.     Failure to provide adequate safety instruction, and supervision to stevedores, shippers, transportation crews, vessel crew members and Plaintiff; and/or

e.  Failure to utilize available safety materials, such as chocks, on the wheels of the forklift, manlift, and other equipment located on or around said vessel; and/or

f.  Failure to provide and post adequate warnings, failed to label, warn or otherwise notify Plaintiff of the defective emergency brake, the forklift and its operation; and/or

g.  Defendants have failed to learn and apply the common and well known principles of industrial safety on board the vessel; and/or

h.  Defendants use outmoded work methods and procedures and neglected modern safety techniques; and/or

i.  Defendants failed to have an adequate number of workers present at the time of the incident. As a result Defendants are having small work crews doing jobs traditionally handled by larger crews; and/or

j.  Defendants had the Plaintiff work without the site safety precautions available to workers in other industries; and/or

k.  Failure to ascertain the cause of prior similar accidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accident; and/or

l.  Failure to follow sound management practices with the goal of providing Plaintiff a safe place to work; and/or

m.      Prior to Plaintiff's accident Defendants failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn Plaintiff of the danger from the hazard; and/or

n.      Defendants violated the International Safety Management Code ("ISM") and failed to have a proper, adequate and safe Safety Management System Manual; and/or

o.      Defendants failed to follow proper procedure and/or protocol in the transportation of the subject equipment; and/or

p.      Defendants failed to provide proper notice and/or warning of the defective condition of the equipment despite their knowledge and obligation to make such disclosures; and/or

q.      Defendants failed to undertake a proper inspection of the equipment at all times from the point of shipment through the point of delivery; and/or

r.      Defendants' inspection of the equipment, if any such inspection did occur, was insufficient, inadequate, and/or otherwise failed to meet the required standards and protocols; and/or

s.      Defendants failed to safely stow and secure the equipment in a manner that was reasonably safe, or alternatively, in a way that complied with proper procedure and protocol.

All of the above caused Plaintiff to be injured.

29.    Upon information and belief, Defendants failed to label the forklift as "non-operating ro-ro unit (no brakes)" as required.

30.    Defendants knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care should have learned of them and corrected them.

31.    The hazards encountered by the Plaintiff were neither obvious to nor could be anticipated by a competent stevedore in the ordinary course of cargo operations.

32.    As a result of the negligence of Defendants, and through no negligence on behalf of the Plaintiff, the Plaintiff was severely injured about his body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition plaintiff in

12

the past and in the future lost the fringe benefits that come with his jobs, including, but not limited to, found, free food, free shelter, free medical care, free uniforms, vacation and free air line ticket home and back.

WHEREFORE, Plaintiff demands compensatory and punitive damages to which he is entitled by law in the amount of thirteen (13) million dollars, attorney's fees, costs and pre and post judgment interested and further demands jury trial of all issues so triable.

**COUNT II**
**BREACH OF IMPLIED WARRANTY**
**(ALL DEFENDANTS)**

Plaintiff realleges, incorporates by reference, and the foregoing and following paragraphs as though they were originally alleged herein.

33.     Defendants impliedly warranted to conduct cargo operations with reasonable safety.

34.     Defendants impliedly warranted the cargo and ship's equipment was not dangerous and was free from latent defects that would threaten the safety of a stevedore exercising the ordinary standard of care.

35.     Plaintiff's injuries are due to the Defendants, and/or its agents, servants, and/or employees breach of Defendants' implied warranty as follows:

a.     Failure to use reasonable care to provide and maintain a safe place to work for Plaintiff, fit with proper and adequate machinery, crew and safety equipment and/or

b.     Failure to use reasonable care in providing Plaintiff a safe place to work; and/or

c.     Failure to promulgate and enforce reasonable rules and regulations to insure safety and health of employees and more particularly the Plaintiff, while engaged in the course of his employment on said vessel; and/or

d.     Failure to provide adequate safety instruction, and supervision to stevedores, shippers, transportation crews, vessel crew members and Plaintiff; and/or

e.     Failure to utilize available safety materials, such as chocks, on the wheels of the forklift, manlift, and other equipment located on or around said vessel; and/or

f.     Failure to provide and post adequate warnings regarding the forklift and its operation; and/or

g.     Defendants have failed to learn and apply the common and well known principles of industrial safety on board the vessel; and/or

h.     Defendants use outmoded work methods and procedures and neglected modern safety techniques; and/or

14

     i.     Defendants failed to have an adequate number of workers present at the time of the incident. As a result Defendants are having small work crews doing jobs traditionally handled by larger crews; and/or

     j.     Defendants had the Plaintiff work without the site safety precautions available to workers in other industries; and/or

     k.     Failure to ascertain the cause of prior similar accidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accident; and/or

     l.     Failure to follow sound management practices with the goal of providing Plaintiff a safe place to work; and/or

     m.     Prior to Plaintiff's accident Defendants failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn Plaintiff of the danger from the hazard; and/or

     n.     Defendants violated the International Safety Management Code ("ISM") and failed to have a proper, adequate and safe Safety Management System Manual; and/or

     o.     Defendants failed to follow proper procedure and/or protocol in the transportation of the subject equipment; and/or

p.      Defendants failed to provide proper notice and/or warning of the defective condition of the equipment despite their knowledge and obligation to make such disclosures; and/or

q.      Defendants failed to undertake a proper inspection of the equipment at all times from the point of shipment through the point of delivery; and/or

r.      Defendants' inspection of the equipment, if any such inspection did occur, was insufficient, inadequate, and/or otherwise failed to meet the required standards and protocols; and/or

s.      Defendants failed to safely stow and secure the equipment in a manner that was reasonably safe, or alternatively, in a way that complied with proper procedure and protocol.

All of the above caused Plaintiff to be injured.

36.     Defendants knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care should have learned of them and corrected them.

37.     The hazards encountered by the Plaintiff were neither obvious to nor could be anticipated by a competent stevedore in the ordinary course of cargo operations.

38.     As a result of the negligence of Defendants and through no negligence on behalf of the Plaintiff, the Plaintiff was injured about his body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition plaintiff in the past and in the future lost the fringe benefits that come with his jobs, including, but not limited to, found, free food, free shelter, free medical care, free uniforms, vacation and free air line ticket home and back.

39.     Therefore, Defendants are liable for the treatment Plaintiff requires from the injuries he sustained while working on the above referenced date.

WHEREFORE, Plaintiff demands compensatory and punitive damages to which he is entitled by law in the amount of thirteen (13) million dollars, attorney's fees, costs and pre and post judgment interested and further demands jury trial of all issues so triable.

## COUNT III
## NEGLIGENCE PURSUANT TO COMMON LAW

**(AGAINST DEFENDANTS WALLIS, SHOPPA'S, IRONPLANET, JBH, SHIPPERS STEVEDORING, REEM HEAVY EQUIPMENT, TOYOTA)**

Plaintiff realleges, incorporates by reference, and the foregoing and following paragraphs as though they were originally alleged herein.

40. Defendants Wallis, Shoppa's, Ironplanet, JBH, Shipper's Stevedoring, Reem and Toyota had actual or constructive knowledge of the forklift's defect yet sold/shipped/transferred the forklift without any warning that the emergency brake was defective.

41. Defendants Wallis, Shoppa's, Ironplanet, JBH, Shipper's Stevedoring, Reem and Toyota had a duty to notify and/or tag the forklift as defective before allowing the vehicle to be shipped.

42. Defendants Wallis, Shoppa's, Ironplanet, JBH, Shipper's Stevedoring, Reem and Toyota breached this duty by shipping the vehicle without any notification and/or label regarding the forklift's defect and/or failing to repair the forklift prior to transport

43. As a direct and proximate result of Defendants Wallis, Shoppa's, Ironplanet, JBH, Shipper's Stevedoring, Reem and Toyota's conduct in failing to notify involved individuals and/or label the forklift's defect, all in breach of the duty owed to Plaintiff and to all members of the public, which foreseeably and proximately caused grievous bodily harm and other damage to Plaintiff.

44.     Further, Plaintiff's injuries are due to the Defendants', and/or their agents', servants', and/or employees' following breaches of duty owed to this foreseeable Plaintiff:

a.     Failure to use reasonable care to provide and maintain a safe place to work for Plaintiff, fit with proper and adequate machinery, crew and safety equipment and/or

b.     Failure to use reasonable care in providing Plaintiff a safe place to work; and/or

c.     Failure to promulgate and enforce reasonable rules and regulations to insure safety and health of employees and more particularly the Plaintiff, while engaged in the course of his employment on said vessel; and/or

d.     Failure to provide adequate safety instruction, and supervision to stevedores, shippers, transportation crews, vessel crew members and Plaintiff; and/or

e.     Failure to utilize available safety materials, such as chocks, on the wheels of the forklift, manlift, and other equipment located on or around said vessel; and/or

f.     Failure to provide and post adequate warnings regarding the forklift and its operation; and/or

g. Defendants have failed to learn and apply the common and well known principles of industrial safety on board the vessel; and/or

h. Defendants use outmoded work methods and procedures and neglected modern safety techniques; and/or

i. Defendants failed to have an adequate number of workers present at the time of the incident. As a result Defendants are having small work crews doing jobs traditionally handled by larger crews; and/or

j. Defendants had the Plaintiff work without the site safety precautions available to workers in other industries; and/or

k. Failure to ascertain the cause of prior similar accidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's accident; and/or

l. Failure to follow sound management practices with the goal of providing Plaintiff a safe place to work; and/or

m. Prior to Plaintiff's accident Defendants failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate the hazards, minimize the hazard or warn Plaintiff of the danger from the hazard; and/or

n. Defendants violated the International Safety Management Code ("ISM") and failed to have a proper, adequate and safe Safety Management System Manual; and/or

o. Defendants failed to follow proper procedure and/or protocol in the transportation of the subject equipment; and/or

p. Defendants failed to provide proper notice and/or warning of the defective condition of the equipment despite their knowledge and obligation to make such disclosures; and/or

q. Defendants failed to undertake a proper inspection of the equipment at all times from the point of shipment through the point of delivery; and/or

r. Defendants' inspection of the equipment, if any such inspection did occur, was insufficient, inadequate, and/or otherwise failed to meet the required standards and protocols; and/or

s. Defendants failed to safely stow and secure the equipment in a manner that was reasonably safe, or alternatively, in a way that complied with proper procedure and protocol.

All of the above breaches directly and proximately caused Plaintiff to be injured.

**WHEREFORE**, Plaintiff demands compensatory and punitive damages to which he is entitled by law in the amount of thirteen (13) million dollars, attorney's

fees, costs and pre and post judgment interested and further demands jury trial of all issues so triable.

## **PRAYER FOR JURY TRIAL**

Plaintiff demands that all issues be tried by a jury.

Date: March 2, 2016

Respectfully submitted,

_____/s/Patrick Preller___,
Patrick S. Preller, Esq. (Bar No. 27545)
The Law Office of Patrick S. Preller
218 E. Lexington Street, Suite 700
Baltimore, Maryland 21202
Phone 410-539-0042
Fax 410-539-2955
ppreller@prellerlawfirm.com
*Attorney for Plaintiff*

## Certificate of Service

I hereby certify that a true and correct copy of this document has been served in accordance with the Local Rules and the Agreed Electronic Service List on each of the following parties by ECF or email on March 2, 2016.

*/s/ Michael F. Lebold*

Michael F. Lebold

**Counsel For Plaintiff Jordan Armstrong**
Patrick S. Preller (ppreller@prellerlawfirm.com)
Barry L. Racusin (blr@racusinlaw.com; mfl@racusinlaw.com)

**Counsel For NSCSA**
Geoffrey S. Tobias (gstobias@ober.com; empomera@ober.com)
Jack Daley (jrdaley@ober.com; iujubb@ober.com)
Robert L. Klawetter (klawetter@easthamlaw.com)
Christina K. Schovajsa (schovajsa@easthamlaw.com)
James T. Bailey (bailey@easthamlaw.com)

**Counsel For JBH Worldwide, LLC**
Nelson Skyler (nskyler@brownsims.com; cmccracken@brownsims.com)
Robert E. Freehill (rfreehill@brownsims.com)
Robert P. O'Brien (rpobrien@nilesbarton.com)
Jennifer M. Sullam (jmsullam@nilesbarton.com)

**Counsel For Shippers Stevedoring Company**
Jeffrey R. Bale (jbale@balelawfirm.com; dpalmer@balelawfirm.com)
Brian T. Peel (bpeel@balelawfirm.com; jfernandez@balelawfirm.com)

**Counsel For Hertz Equipment Rental Corp.**
Wesson H. Tribble (wtribble@tribblelawfirm.com)
Dan P. McManus (dmcmanus@tribblelawfirm.com)

**Counsel For Shoppa's Material Handling Management, LLC**
Harry Levy (hlevy@shumakerwilliams.com)
Lewis T. Stevens (lstevens@lstevenslaw.com)

**Counsel For Ironplanet, Inc.**
Matthew T. Angotti (angotti@acklaw.com)
Kristina L. Miller (miller@acklaw.com)

**Counsel For Robert C. Fischer, Jr., d/b/a**
**Wallis Concrete Transport**
Robert D. Brown (bbrown@donatominxbrown.com)
Brad C. Bedwell (bbedwell@donatominxbrown.com)

**Counsel For Toyota Financial Services/**
**Toyota Financial Services Corporation**
Gregory W. Marcum (greg.marcum@marcumpc.com)
Bryan King Sheldon (Bryan.sheldon@limruger)
George T. Busu (George.Busu@limruger)