United States District Court
Southern District of Texas
**ENTERED**
May 17, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JORDAN ARMSTRONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-868 |
| | § | |
| NATIONAL SHIPPING COMPANY OF | § | |
| SAUDI ARABIA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING DESIGNATION OF RESPONSIBLE THIRD PARTIES

Pending before the Court is a Motion for Leave to Designate Responsible Third Parties, filed by Defendant Toyota Motor Credit Corporation ("TMCC"). (Doc. No. 312.) Defendant Shippers Stevedoring Company ("Shippers") incorporated all of TMCC's arguments in its own Motion for Leave to Designate Responsible Third Parties. (Doc. No. 324.) Plaintiff has responded to TMCC's motion, and incorporated that response in its response to Shippers' motion. (Doc. Nos. 336 & 337.) After considering Defendants' motions, Plaintiff's responses, and all applicable statutes and caselaw, the Court concludes that Defendants' motions must be denied, albeit for different reasons. Those reasons are explained below.

I. **BACKGROUND**

Plaintiff Jordan Armstrong, a longshoreman in Baltimore, Maryland, filed this lawsuit on December 6, 2013. (Doc. No. 1.) He sued for damages stemming from an accident that occurred on June 10, 2013, in which he was injured by a forklift that rolled forward down a ramp on a ship where Armstrong was working, crushing him. He originally alleged three causes of action— negligence under the Longshore and Harbor Workers' Compensation Act, breach of implied

1

warranty, and common law negligence—against various Defendants. Shippers was brought into the lawsuit on August 26, 2014, while TMCC was brought into the lawsuit on October 21, 2015. In this Court's November 10, 2016, Memorandum and Order, the Court granted summary judgment against four defendants. (Doc. No. 290.) TMCC and Shippers remain. Reem Heavy Equipment Limitee ("Reem"), the buyer of the forklift, is also a defendant in this case, but has never appeared or answered Plaintiff's complaint.

Discovery closed in this case in May, 2016. All dispositive motions have been filed and decided. The case is set for jury trial on June 12, 2017—less than a month from now. Defendants move to designate responsible third parties pursuant to Texas Civil Practice and Remedies Code § 33.004. They move to designate Reem, the non-responsive defendant in this case, because "it was the actual owner and shipper of the Forklift at the time of the accident. As such, if there was a duty to warn, then the duty applied to REEM since it knew that the Forklift would be shipped overseas." (Doc. No. 312 at 4.) Defendants also move to designate four of Plaintiff's co-workers as responsible third parties, asserting that "their negligent supervision and/or negligence in failing to wait for Plaintiff to unlash the front of the Forklift first and move out of the way directly caused Plaintiff's alleged injuries and damages." (*Id.*)

II. ANALYSIS

Federal third-party practice is governed by Rule 14 of the Federal Rules of Civil Procedure. However, the parties agree that the designation of a *responsible* third party under Texas Civil Practice and Remedy Code 33.004 does not conflict with Rule 14. This is consistent with the decisions of various district courts in the Fifth Circuit. *See, e.g., Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 688 (E.D. Tex. 2014); *Muniz v. Stanley*, No. L–06–cv–126, 2007 WL 1100466, at *2 (S.D. Tex. April 11, 2007). "While Rule 14 dictates how third-

parties may be formally joined and become parties to the suit subject to liability, under § 33.004 responsible third parties are not joined as parties—they are only designated as being responsible without being made parties to the suit." *Withers*, 13 F. Supp. 3d 686, 688 (E.D. Tex. 2014). Section 33.004 "exists to allow proper allocation of fault among both the named defendants and those persons designated as responsible third parties, rather than to govern the procedures by which third-parties may be brought into the case as Rule 14 does." *Id.* Thus, the Court finds that it is appropriate to look to Texas substantive law on the designation of responsible third parties when deciding this case.

Under Texas Civil Practice and Remedy Code 33.004(a), "a defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate ... on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." A defendant, however, may not designate a person as a responsible third party after the expiration of the limitations period for the underlying cause of action "if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." Tex. Civ. Prac. & Rem.Code § 33.004(d).

### A. TMCC

Plaintiff argues that the statute of limitations for the underlying cause of action has run, and that TMCC failed to disclose their intent to designate any persons as responsible third parties. As a result, Plaintiff contends, TMCC's designation is untimely, and should not be allowed.

The Texas statute of limitations for negligence and breach of fiduciary duty is two years. *Resolution Trust Corp. v. Acton*, 844 F. Supp. 307, 316 (N.D. Tex. 1994), aff'd, 49 F.3d 1086

3

(5th Cir. 1995) (*citing* Tex.Civ.Prac. & Rem.Code Ann. § 16.003(a)). The incident at issue in this lawsuit occurred on June 10, 2013. Thus, the statute of limitations expired on June 10, 2015. TMCC argues that "the statute of limitations should be tolled for Defendant because Defendant was not joined to this lawsuit until November 2015." (Doc. No. 312.) Although TMCC cites no authority for this request, the Court notes that it would be unjust to unequivocally prohibit a defendant from designating a responsible third party, when that defendant is not added until after the statute of limitations had run. Thus, in some situations, there may be reason for a court to equitably toll the statute of limitations to allow a late-added defendant to designate responsible third parties. However, this must be balanced with the Texas Legislature's concern that the defendant could "undercut the plaintiff's case by belatedly pointing its finger at a time-barred responsible third-party against whom the plaintiff has no possibility of recovery." *Withers*, 13 F. Supp. 3d at 689. Because of this concern, the legislature added the requirement that a defendant "timely disclose" that a person may be designated as a third party. Tex.Civ.Prac. & Rem.Code Ann. § 34.004(d).

Although the Texas Supreme Court has not spoken as to what constitutes a timely disclosure, "this Court must presume that the Texas Legislature intended a just and reasonable result. Otherwise, the 'timeliness' requirement has no meaning." *Withers*, 13 F. Supp. 3d at 690 (E.D. Tex. 2014) (internal citation removed). Texas Rules of Civil Procedure 194.2(1) states that a party "may request disclosure" of the identity of a potential responsible third party, and only upon such request does the responding party need to serve a written response concerning such. Tex. R. Civ. P. 194.2(1).

Here, Plaintiff explicitly requested disclosure from TMCC. (Doc. No. 336-1.) TMCC responded on January 25, 2016, and did not disclose any potential responsible third parties.

4

TMCC did state, "TMCC just entered this case in December 2015, therefore, discovery is just commencing. TMCC's investigation is not complete and full, responsive information is not yet available." (*Id.* at 3.) However, even after discovery ended, in May 2016, TMCC did not disclose its intent to designate any responsible third parties. Nor did TMCC disclose when it filed its motion for summary judgment, even though it argued in its motion that two of Plaintiff's co-workers, whom TMCC now moves to designate as responsible third parties, were responsible for Plaintiff's injuries. (Doc. No. 249 at 9-10.) Although TMCC was brought into the lawsuit in December, 2015, and although Plaintiff requested disclosure shortly after that, TMCC did not give any indication that it planned to designate a responsible third party until April, 2017—almost a year and a half after entering the case, and just over two months before trial.

Were the Court to allow TMCC's requested designations, Plaintiff would have the burden of defending an "empty chair" at trial. *See Molinet v. Kimbrell*, 356 S.W.3d 407, 419 (Tex. 2011). This burden would be exacerbated by the fact that discovery has closed, dispositive motions have been ruled on, and trial is set to take place in less than a month. Under these circumstances, the Court does not believe that justice requires tolling the statute of limitations to allow TMCC to designate responsible third parties this late in the case, and so soon before trial. "Indeed, having strived to maintain a balanced statutory scheme, . . . the Legislature's actions reflect a particular vigilance against creating just such a one-sided result." *Withers*, 13 F. Supp. 3d at 691. Thus, TMCC's request to designate responsible third parties is denied.[1]

---

[1] The Court notes that, even if it agreed to toll the statute of limitations for TMCC, TMCC's request to designate Reem must be denied, because Reem is already a *party* to the case, and as such cannot be designated as a responsible *third party*. *In re CVR Energy, Inc.*, 500 S.W.3d 67, 78 (Tex. App. 2016) (holding that "'third party' means a party that is not otherwise a party to the litigation"); s*ee also*, *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 865 (Tex.2009) (emphasis added) ("Chapter 33 provides, among other things, that a defendant in such an action may seek to designate a person, *who has not been sued by a claimant*, as a

B. Shippers

Shippers' motion for leave to designate third parties adopted and incorporated, in full, TMCC's motion. (Doc. No. 324.) But TMCC's motion is based on facts unique to TMCC—largely, that TMCC was not joined as a defendant until after the statute of limitations had run, creating an argument that the statute of limitations should be tolled. Shippers, on the other hand, was joined on August 26, 2014, well before the statute of limitations was tolled. Thus, Shippers cannot make a similar argument to excuse its failure to timely disclose any intention to designate responsible third parties. However, Shippers may have other arguments as to why the Court should allow them to designate responsible third parties at this time. Because the Court cannot conduct an analysis into arguments that have not been made, it must deny, without prejudice, Shippers' motion for leave to designate responsible third parties.

## III. CONCLUSION

For the foregoing reasons, TMCC and Shippers' motions for leave to designate third parties are hereby **DENIED.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on the 17th of May, 2017.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

responsible third party.")